# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Derrick Lee Spillman (1), and<br>Daijon Lewis Miles (2),<br><br>Defendants. | Case No. 20-cr-190 (ADM/TNL)<br><br>**ARRAIGNMENT NOTICE**<br>**&**<br>**ORDER** |

This matter comes before the Court on Defendant Daijon Lewis Miles's Motion for Continuance of Motions Filings, Motions Hearing Date, and Trial Date, ECF No. 21, and Defendant Derrick Lee Spillman's Motion for Extension of Time to File Suppression Motion, ECF No. 28. Miles has also filed a Statement of Facts in Support of Exclusion Under the Speedy Trial Act, ECF No. 22. Miles requests an approximately 30-day extension of time due to, among other things, voluminous discovery, forthcoming supplemental discovery, and needing additional time to consult with counsel. Lewis requests a two-week extension of time to file a motion to suppress due to technical difficulties viewing certain discovery. The Government has no objection to the requested extensions.

As previously stated, ECF No. 18 at 1-2, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal

1

proceedings and trials.[1]  On November 24, 2020, Chief Judge Tunheim entered General Order No. 22, which continues all in-person hearings, unless the presiding judge determines that an in-person hearing is necessary, through January 31, 2021, and states that no new criminal trial may commence before February 1, 2021.  *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 22 (D. Minn. Nov. 24, 2020).

General Order No. 22 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2]  General Order No. 22 further provides that, if the defendant declines to consent to proceeding by videoconferencing or telephone conferencing, the matter can be continued until an in-person hearing can be held and time may be excluded under the Speedy Trial Act.  Accordingly, should a defendant file pretrial motions, counsel for that defendant shall also file a letter indicating whether the defendant consents to a motion hearing by videoconference.

Similarly, a Superseding Indictment has been filed in this matter.  *See generally* ECF No. 16; *see also* ECF No. 18 at 1.  **If a defendant consents to proceed by**

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

[2] *See also* General Order No. 19, which went into effect on September 26, 2020, and extends the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 19 (D. Minn. Sept. 25, 2020).

**videoconferencing, the arraignment hearing shall take place on February 2, 2021, at 1:30 p.m., before the undersigned via Zoom.**

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial and such continuance is necessary to provide Defendants and their counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources. Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Miles's Motion for Continuance of Motions Filings, Motions Hearing Date, and Trial Date, ECF No. 21, is **GRANTED**.

2. Lewis's Motion for Extension of Time to File Suppression Motion, ECF No. 28, is **GRANTED**.

3. The period of time from **November 24, 2020, through February 2, 2021**, shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

4. *If a defendant consents to proceed by videoconference*, **the arraignment hearing shall take place on February 2, 2021, at 1:30 p.m., before the undersigned via Zoom**.  If a defendant declines to proceed by videoconferencing, his arraignment hearing will be continued to a date and time to be determined when an in-person hearing can be held consistent with the health and safety protocols of this Court.

5. All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **December 28, 2020**. D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Leung.

6. **Should a defendant file pretrial motions, counsel shall also file a letter on or before December 28, 2020, indicating whether the defendant consents to an arraignment hearing and motion hearing by videoconference**.

7. Counsel shall electronically file a letter on or before **December 28, 2020**, if no motions will be filed and there is no need for hearing.

8. All responses to motions shall be filed by **January 11, 2021**. D. Minn. LR 12.1(c)(2).

9. Any Notice of Intent to Call Witnesses shall be filed by **January 11, 2021**. D. Minn. LR. 12.1(c)(3)(A).

10. Any Responsive Notice of Intent to Call Witnesses shall be filed by **January 14, 2021**. D. Minn. LR 12.1(c)(3)(B).

11. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a. The government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

    b. Oral argument is requested by either party in its motion, objection or response pleadings.

12. If required, *and if a defendant consents to proceed by videoconference*, the motions hearing shall take place on **February 2, 2021, at 1:30 p.m., before the undersigned via Zoom**. D. Minn. LR 12.1(d). If a defendant declines to proceed by videoconferencing, the criminal motions hearing will be continued to a date and time to be determined when an in-person hearing can be scheduled consistent with the health and safety protocols of this Court.

13. **The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for United States District Judge Ann D. Montgomery to confirm the new trial date.**


Dated: November   25   , 2020                 _____s/ Tony N. Leung_____
                                              TONY N. LEUNG
                                              United States Magistrate Judge
                                              District of Minnesota


                                              *United States v. Spillman et al.*
                                              Case No. 20-cr-190 (ADM/TNL)