# UNITED STATE DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

           Plaintiff,

v.

Derrick Lee Spillman,

           Defendant.

Case No. 20-cr-190 (1) (ADM/TNL)

**ORDER**

---

Justin A. Wesley, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Jean M. Brandl, Brandl Law, LLC, 310 Fourth Avenue South, Suite 5010, Minneapolis, MN 55415 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 20);

2. Defendant's Pretrial Motion for Disclosure of *Brady* Materials (ECF No. 23);

3. Defendant's Pretrial Motion for Discovery (ECF No. 24);

4. Defendant's Pretrial Motion for Retention of Rough Notes (ECF No. 25);

5. Defendant's Pretrial Motion for Disclosure of Rule 404(b) Evidence (ECF No. 26); and

6. Defendant's Pretrial Motion for Early Disclosure of Jencks Act Materials (ECF No. 27).

A hearing was held on February 2, 2021. (ECF No. 54.) Assistant United States Attorney Justin A. Wesley appeared on behalf of the United States of America (the "Government"). Attorney Jean M. Brandl appeared on behalf of Defendant Derrick Lee Spillman. Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing and in their respective briefs, **IT IS HEREBY ORDERED** as follows:

1.      The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 20), is **GRANTED IN PART AND DENIED IN PART**.

This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. Defendant's only objection to the Government's motion regarded timing of expert witness disclosures.

The Government proposed making initial expert disclosures 14 days before trial and rebuttal expert disclosures 10 days before trial. (ECF No. 20 at 2.) After Defendant's objection to that schedule, however, the parties came to an agreement during the hearing. Consistent with that agreement, no later than 30 days prior to trial, the parties shall make their principal expert disclosures and, no later than 14 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). Thus, the Government's motion is denied with respect to its proposed expert witness disclosure schedule, and the parties shall make those disclosures in accordance with the agreement they made on the record. The motion is granted in all other respects.

    2.       Defendant's Pretrial Motion for Disclosure of *Brady* Materials (ECF No. 23) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. This includes information regarding any witnesses or prospective witnesses. (ECF No. 23 ¶¶ 6, 9.) In his motion for discovery, *see infra* ¶ 3, Defendant also requests witness information. (ECF No. 24 ¶¶ 6, 8-15, 18.) The Government responds it will continue to comply with its discovery obligations under *Brady*, *Giglio*, and their progeny, and will "promptly and sufficiently" turn over any additional evidence favorable to Defendant, including exculpatory and impeachment evidence, that comes to its attention prior to trial. (Gov't's Consol. Resp. at 9, ECF No. 47.)

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information.") (citations omitted). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also Whitehill*, 532 F.3d at 753 ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension

to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted).  The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)).  "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials.  If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable

4

after such discovery.  While the Court is not ordering the Government to disclose Jencks Act materials early, *see* 18 U.S.C. § 3500(b); *United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998), the Court encourages the parties to disclose such materials no later than three business days before trial.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seek materials that have already been produced, such request is denied.  *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").  Further, to the extent Defendant seeks the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied.  *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

3.      Defendant's Pretrial Motion for Discovery (ECF No. 24) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks materials subject to disclosure under Rule 16 of the Federal Rules of Criminal Procedure as well as information, including statements, regarding unindicted alleged co-conspirators or co-participants, witnesses, prospective witnesses, and other persons interviewed.[1]  Defendant further requests that, in the event the Government subsequently discovers additional materials previously requested or ordered to be produced, that his counsel be notified.  (ECF No. 24 at p. 5.)  Defendant also requests that

---

[1] Defendant also requests that "[i]f any witness will be called by the government, his or her name, address, qualifications, and subject of testimony, together with a copy of the report thereof."  (ECF No. 24 ¶ 6.)  To the extent this was a request for expert witness disclosures, the Court has already addressed these disclosures in connection with the Government's motion for discovery.  *See supra* ¶ 1.

any ordered discovery be produced within "three working days." (*Id.*)  The Government states that it has made its Rule 16 disclosures and "will continue to supplement its disclosures as any additional materials come into its possession." (Gov't's Consol. Resp. at 8.)  The Government further asserts that it does not believe there is "any evidence or materials, or category of evidence or materials, to which [Defendant] is entitled that has not already been produced." (*Id.*)

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) remains in the Government's control and has not yet been produced.  Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.  *See, e.g.*, *supra* ¶ 2.  Defendant's discovery requests are denied in all other respects.  *See Johnson*, 228 F.3d at 924; *see also, e.g.*, *supra* ¶ 2; *infra* ¶¶ 5-6.  Except as otherwise set forth in this Order, the Government shall produce the discovery ordered herein as soon as practicable.

And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A) through (F) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

4.     Defendant's Pretrial Motion for Retention of Rough Notes (ECF No. 25) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

Defendant requests an order directing all law enforcement agents, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their

investigation.  (ECF No. 25 at 1.)  Defendant's motion also requests the production of these notes.  (*Id.*)  The Government does not object to the retention of rough notes "to the extent that any such rough notes still exist," but "opposes any request for the disclosure of those rough notes to the defendant."  (Gov't Consol. Resp. at 11.)  During the hearing, Defendant specified that at this juncture he is only requesting retention of rough notes and wishes to reserve the issue of producing the rough notes.

Defendant's request for the retention and preservation of all rough notes is granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.  Defendant's request for the production of rough notes is denied without prejudice.

5.      Defendant's Pretrial Motion for Disclosure of Rule 404(b) Evidence (ECF No. 26) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests disclosure of evidence the Government intends to offer at trial pursuant to Federal Rule of Evidence 404(b), including any 404(b) evidence related to "co-defendants or any alleged co-conspirator," as well as the identity of the witnesses through whom such evidence will be presented.  (ECF No. 26 at 1.)  In his motion for discovery, *see supra* ¶ 2, Defendant also requires the Government "[d]escribe in detail any prior similar acts of defendant the government intends to introduce at trial and disclose all information requested . . . as it may relate to said prior similar acts."  (ECF No. 24 ¶ 20.) The Government acknowledges its obligations under Rule 404(b) and proposes making its disclosures 14 days before trial.  (Gov't Consol. Resp. at 10.)  The Government also requests that this order be "strictly drawn to require no more than what is encompassed by

Rule 404(b)."  (*Id.*)  At the hearing, Defendant did not object to the Government's proposal to disclose Rule 404(b) evidence 14 days prior to trial.

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ."  *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010).  It does not apply to intrinsic evidence.  *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence.").  "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred."  *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Moreover, Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16."  Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see Polk*, 715 F.3d at 249; *Hamilton*, 452 F.2d at 479; *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, consistent with the Government's proposal, no later than 14 days prior to trial, the Government shall provide "reasonable notice" of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Fed. R. Evid. 404(b).  Defendant's motion is otherwise denied.  If the Government subsequently

8

discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.  *See* Fed. R. Evid. 404(b)(3)(C).

      6.    Defendant's Pretrial Motion for Early Disclosure of Jencks Act Materials (ECF No. 27) is **DENIED**.

      Defendant seeks early disclosure of Jencks Act materials prior to the commencement of trial.  (ECF No. 27 at 1 (at least one week before trial); *see also* ECF No. 24 ¶ 11 (at least 14 days before trial).)  During the hearing, Defendant specified he seeks disclosure of Jencks Act materials 14 days before trial.  While the Government objects to any Court-ordered early disclosure, the Government states that it intends to voluntarily provide Jencks Act materials to Defendant no later than three business days prior to trial.  (Gov't Consol. Resp. at 9.)

      By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*Green*, 151 F.3d at 1115; *see* 18 U.S.C. § 3500(b).  "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so."  *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996).  Defendant's request for early disclosure of Jencks Act materials is denied.  While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to

disclose such materials no less than three business days before trial as proposed by the Government.

7.     All prior consistent orders remain in full force and effect.

8.     Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: March __22__, 2021                              _____*s/Tony N. Leung*_____
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      District of Minnesota


                                                      *United States v. Spillman*
                                                      Case No. 20-cr-190 (1) (ADM/TNL)