UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-190(1) (ADM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) PLEA AGREEMENT AND |
| v. | ) SENTENCING STIPULATIONS |
| | ) |
| DERRICK LEE SPILLMAN, | ) |
| | ) |
| Defendant. | ) |

The United States of America and the Defendant, DERRICK LEE SPILLMAN, agree to resolve this case on the following terms and conditions. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The Defendant agrees to plead guilty to Counts 1-3 and 5-8 (Hobbs Act Robbery), and Count 9 (Brandishing a Firearm During and in Relation to a Crime of Violence) of the Superseding Indictment. In exchange for the Defendant's guilty pleas, the United States agrees to dismiss Count 4 as to the Defendant at the time of sentencing.

2. **Factual Basis**. The Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

    a.    Count 1: On July 28, 2020, shortly after 2:00 p.m., the Defendant entered a Holiday Gas Station located at 1444 Minnehaha Avenue East in St. Paul, Minnesota, along with co-defendant Daijon Miles (hereinafter "Miles") and an

unidentified individual. The Defendant brandished a handgun and ordered employees and customers to get on the ground. The three men robbed the business of cash and Minnesota Lottery Tickets, and then fled on foot.

Approximately 45 minutes after the robbery, the Defendant and Miles went to a Speedway store located at 1624 Hastings Avenue in Newport, Minnesota and redeemed some of the stolen lottery tickets. They left the store together and drove away in Miles' Chevrolet Suburban.

      b.     <u>Count 2</u>:   Later in the afternoon of July 28, 2020, the Defendant used his Chevrolet Equinox and Miles used his Chevrolet Suburban to surveil Sharrett's Liquor located at 2389 University Avenue West in St. Paul, Minnesota. Shortly after 6:00 p.m., the Defendant and Miles entered Sharrett's Liquor store while both brandished black handguns, pointed their handguns at employees and customers, robbed the business of two bottles of Hennessey liquor and cash and robbed a customer of an iPhone. The Defendant and Miles then fled the store together.

      c.     <u>Count 3</u>: Later in the evening of July 28, 2020, shortly before 9:00 p.m., the Defendant and Miles entered Gopher Liquor located at 335 Monroe Street Northeast in Minneapolis, Minnesota, and brandished their handguns at employees. The Defendant pointed his handgun at the store's security guard, then robbed the security guard of his snub nose .38 Smith and Wesson revolver. Another employee was ordered to the ground and was then stepped on and kicked during the course of the robbery. The Defendant and Miles robbed the business of cash, and then fled the store together.

      d.     <u>Count 5</u>: On July 30, 2020, shortly before 7:00 a.m., the Defendant entered a Holiday Gas located at 7295 University Avenue Northeast, in Fridley, Minnesota. The Defendant waited for other customers to leave, brandished a black semi-automatic handgun, racked the slide, pointed the gun at employees, demanded cash from the registers, forced the employee to put the money in a bag from the business, ordered employees to the ground, and then fled on foot with cash from the business.

      e.     <u>Count 6</u>: On July 30, 2020, just after 7:00 a.m. the Defendant entered the Speedway Store located at 6545 West River Road, in Brooklyn Center, Minnesota. The Defendant brandished a black semi-automatic handgun, racked the slide of the gun, pointed it at employees, demanded cash from the registers, forced an employee to put the money in a bag from the business, ordered employees to the ground, and fled on foot with the cash.

      f.     <u>Count 7</u>: On July 30, 2020, shortly before 1:00 p.m., the Defendant

entered a Subway Store located at 2147 Lowry Avenue North, in Minneapolis, Minnesota. The Defendant waited for other customers to leave, brandished a black semi-automatic handgun, racked the slide, pointed the gun at the employee, demanded money from the register, forced the employee to put the money in a bag from the business, and fled on foot with the cash.

  g. <u>Count 8</u>: On July 30, 2020, shortly before 4:00 p.m., the Defendant entered a Holiday Gas Station located at 9456 27th Avenue North, in New Hope, Minnesota. The Defendant brandished a black semi-automatic handgun, pointed the gun at employees and customers, demanded money from the registers, forced an employee to put the money in a bag from the business, ordered employees to the ground, and fled on foot with the cash.

  h. <u>Count 9</u>: The Defendant was armed with a firearm, and he used, carried, and brandished his firearm during and in relation to the four robberies committed at Holiday Gas Station in Fridley, Speedway in Brooklyn Center, Subway in Minneapolis, and Holiday Gas Station in New Hope.

  i. <u>Relevant Conduct (Count 4)</u>: The Defendant admits that he was armed with a firearm, and he used, carried, and brandished his firearm during and in relation to the three robberies committed at Holiday Gas Station in St. Paul, Sharrett's Liquor in St. Paul, and Gopher Liquor in Minneapolis, and that this constitutes relevant conduct that will be considered at the time of sentencing.

  j. On July 31, 2020, the Defendant was arrested while driving his Chevrolet Equinox that was used during the course of these robberies. The Defendant also had a cellphone. In the phone, law enforcement found a photograph which was taken on July 28, 2020 at 9:29 p.m., depicting Miles crouching over cash stolen during the robberies described in Counts 1-3, a handgun used during those robberies, and the .38 revolver stolen from the security guard during the Gopher Liquor robbery. This photo was then sent from the Defendant's phone to Miles' phone at approximately 11:56 p.m.

  k. The Defendant stipulates and agrees that the stores he robbed (Holiday Gas Stations, Sharrett's Liquor, Gopher Liquor, Speedway, and Subway) were, at the time, businesses engaged in and affecting interstate commerce; that he took cash and other property referenced above against the will of the respective employees by means of actual and threatened force, violence and fear of injury to the employees' persons, namely, by brandishing and using a firearm; that he acted voluntarily; and that he knew his actions violated the law.

3. **Statutory Penalties**. The parties agree that Counts 1-3 and 5-8 of the Superseding Indictment each carry the following statutory penalties:

    a. a maximum term of 20 years' imprisonment, a Class C felony. (18 U.S.C. §§ 1951(a) and 3559(a)(3));

    b. a supervised-release term of not more than 3 years. (18 U.S.C. §§ 3559(a)(3) and 3583(b)(2));

    c. a fine of up to $250,000. (18 U.S.C. § 3571(b)(3));

    d. a mandatory special assessment of $100. (18 U.S.C. § 3013(a)(2)(A)); and

    e. assessment to the Defendant of the costs of prosecution (as defined in 28 U.S.C. §§ 1918(b) and 1920).

The parties agree that Count 9 of the Superseding Indictment carries the following statutory penalties:

    a. a mandatory minimum term of 84 months' imprisonment, to run consecutive to the term of imprisonment imposed on Counts 1-3 and 5-8 (18 U.S.C. §§ 924(c)(1)(A)(ii));

    b. a maximum term of life imprisonment, a Class A felony. (18 U.S.C. §§ 924(c)(1)(A) and 3559(a)(1));

    c. a supervised-release term of not more than 5 years. (18 U.S.C. §§ 3559(a)(1) and 3583(b)(1));

    d. a fine of up to $250,000. (18 U.S.C. § 3571(b)(3));

    e. a mandatory special assessment of $100. (18 U.S.C. § 3013(a)(2)(A)); and

    f. assessment to the Defendant of the costs of prosecution (as defined in 28 U.S.C. §§ 1918(b) and 1920).

4. **Revocation of Supervised Release**. The Defendant understands that if he were to violate any condition of supervised release, the Defendant could be sentenced to

an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

5. **Guidelines Calculations**. The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") in determining the appropriate sentence and stipulate to the following guideline calculations:

> a. **Career Offender Status**. The parties agree that the Defendant is a career offender as defined in U.S.S.G. Section 4B1.1(a) because (1) he was at least eighteen years old at the time he committed the instant offenses; (2) Counts 1-3 and 5-8 of the instant offenses of conviction are felony crimes of violence; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Specifically, the Defendant was convicted of Aggravated Robbery in the First Degree, in Hennepin County, Minnesota, in 2008 and again in 2013.
>
> The Defendant also agrees that because he is a career offender and he will be convicted of 18 U.S.C § 924(c), his Guidelines range is determined pursuant to U.S.S.G.§ 4B1.1(c). The parties further agree that the Defendant's Guidelines range as calculated under subsection 4B1.1(c)(2)(A) would be less than the range determined using the Career Offender Table in subsection (c)(3), and therefore the Career Offender Table Applies. *See* U.S.S.G. § 4B1.1(c)(2).
>
> b. **Acceptance of Responsibility**. The parties agree that if and only if the Defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the United States will recommend that the Defendant receive a <u>two-level reduction</u> for acceptance of responsibility under USSG § 3E1.1(a), and will move for an <u>additional one-level reduction</u> under § 3E1.1(b). The Defendant understands that

any reduction for acceptance of responsibility shall be determined by the Court in its discretion.

      c.    **Criminal History Category**. Based on the information currently available, including Defendant's prior convictions and his status as a career offender, the parties believe the Defendant has a criminal history category of **VI**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. If the Defendant's criminal history category is determined to be something other than **VI**, neither party shall be able to withdraw from this plea agreement on that ground.

      d.    **Consecutive Mandatory Minimum for Count 9**. The Defendant agrees that the Guideline range for Count 9 is a mandatory minimum term of 84 months in prison that must be imposed to run consecutive to his sentence on Counts 1-3 and 5-8.

      e.    **Guidelines Range**. If the Defendant is a career offender the advisory Guidelines range will be **262-327 months' imprisonment** which encompasses the 84-month mandatory minimum on Count 9 and also the three-level reduction for acceptance of responsibility. U.S.S.G. § 4B1.1(c)(3).

      f.    **Fine Range**. If the total offense level is 34, the applicable fine range is $35,000 to $300,000. USSG §§ 5E1.2(c)(3).

      g.    **Supervised Release**. The Guidelines require a term of supervised release of at least 2 years but not more than 5 years. USSG § 5D1.2(a).

      h.    **Sentencing Recommendation and Departures**. Both parties reserve the right to make variance and departure motions and to argue for a sentence outside the applicable guideline range. The Defendant understands, however, that the Court may not impose a term of imprisonment of less than 84 months for Count 9, and the sentence must run consecutive to any sentence imposed for Counts 1-3 and 5-8.

6.    **Discretion of the Court**. These agreements and stipulations bind the parties but not the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The

parties understand that the Court may make its own determinations regarding the applicable Guideline factors and the applicable criminal history category and related status. The parties understand that the Court may depart or vary from the applicable Guidelines on its own motion, though it may not depart from the mandatory minimum term of imprisonment which is set by statute at Title 18, Section 924(c) of the United States Code as to Count 9.

If the Court determines the applicable Guidelines calculations or the Defendant's criminal history category is different from those stated above, the parties may not withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

7. **Special Assessments**. The Defendant agrees the Guidelines require payment of a special assessment in the amount of $800.00 which is due and payable at the time of sentencing. U.S.S.G. § 5E1.3.

8. **Restitution**. The Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the Defendant to make restitution to the victims of his crimes. The Defendant understands and agrees the Court may also order the Defendant to make restitution to any victims of his crimes regardless of whether the victim was named in the Superseding Indictment. The parties agree that the Defendant owes restitution in an amount to be determined by the time of sentencing to victims of the crimes described in this Plea Agreement, and that the Defendant will be jointly and severally liable with his co-defendant, and any other responsible parties who may be charged, for making such restitution payments. The Defendant agrees he is responsible for, and the Court shall order him to pay, restitution to

all of the victims identified in the Superseding Indictment regardless of the counts of conviction. The Defendant also agrees to complete a financial statement fully and truthfully before the date of sentencing.

9. **Collection of Financial Obligations**. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to fully disclose assets in which the Defendant has an interest, directly or indirectly, whether held in the Defendant's own name or in the name of another including those held by spouse, nominee or other third party, in any property, real or personal. The Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since July 28, 2020, including the location of the assets and the identity of the third party(ies). The Defendant agrees to assist the United States in returning and transferring assets for use in payment of restitution and fines ordered by the court. In addition:

    a. 30 days after the change of plea, the Defendant agrees to provide to the United States, under penalty of perjury, a financial disclosure form listing all the Defendant's assets and financial interests valued at more than $1,000 before the date of sentencing. The Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances;

    b. the Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court; and

c.  the Defendant agrees that, at the discretion of the U.S. Attorney's Office, the Defendant may be deposed regarding financial issues prior to sentencing.

10. **Waiver of Freedom of Information Act and Privacy Act**.  In exchange for the concessions of the United States made herein, the Defendant agrees to waive all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

11. **Waiver of Appeal and Postconviction Petition**.  The parties are expressly aware that Title 18, United States Code, Section 3742, affords them the right to appeal the sentence imposed in this case.  Acknowledging this right, and in exchange for the concessions made as part of this agreement, the parties hereby waive all rights conferred by Title 18, United States Code, Section 3742, to appeal the sentence imposed or the basis of conviction on any ground, except the Defendant may appeal the sentence only if the sentence imposed is greater than 327 months, and the United States may appeal the sentence only if the sentence imposed is less than 84 months.  The Defendant also understands his rights to file and seek a postconviction petition contesting his conviction or sentence and, except for a claim of ineffective assistance of counsel, the Defendant knowingly and voluntarily waives all rights to contest the Defendant's conviction or sentence in any postconviction proceeding, including one pursuant to Title 28, United States Code, Section 2255.  The Defendant has discussed these rights with the Defendant's counsel and understands the rights being waived.

12. **Complete Agreement**.  This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the Defendant.

W. ANDERS FOLK
Acting United States Attorney

Dated: August 10, 2021

BY: JUSTIN A. WESLEY
Assistant United States Attorney

Dated: 8-10-2021

Derrick Lee Spillman
Defendant

Dated: 8-10-21

Jean Brandl, ESQ.
Attorney for Defendant